**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

Gregory Paul Violette

    v.                                    Case No. 2:19-cv-417-JAD

Bryce Turgeon, Kate Phillips, and
United States Probation and Pretrial
Services

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Gregory Paul Violette's complaint (Doc. No. 1), and a complaint addendum (Doc. No. 19) filed in response to the court's January 8, 2020 Order (Doc. No. 18), asserting claims against two federal probation officers and U.S. Probation and Pretrial Services. An order issued this date grants Mr. Violette leave to file the complaint addendum (Doc. No. 19), subject to the court's preliminary review pursuant to 28 U.S.C. § 1915A(a). The complaint and complaint addendum are now before the court for preliminary review. In conducting this preliminary review, the court applies the standard set forth in the court's January 8, 2020 Order (Doc. No. 18).

**Background**

Mr. Violette is an inmate at the Federal Medical Center Devens in Massachusetts. Mr. Violette alleges in this suit that, in January/February 2019, the defendant probation officers searched and seized evidence from his "devices" without a warrant, in violation of his federal rights. The search

occurred while Mr. Violette was on supervised release pending the disposition of supervised release revocation proceedings and resulted in his re-incarceration.

The complaint and complaint addendum appear to relate to the search that gave rise to the government's February 28, 2019 "Motion to Revoke Bail" in United States v. Violette, No. 1:00-cr-00026-GZS (D. Me.) (ECF No. 179).  In the motion to revoke bail, the government asserted that "Mr. Violette's internet-capable devices were seized on January 19, 2019 for the performance of a baseline search," to be undertaken pursuant to the conditions of supervised release imposed by that court on January 17, 2019.  Those conditions, see id., Jan. 17, 2019 Order Setting Conds. of Release (ECF No. 174), included Condition 7(t), requiring Mr. Violette to:

> participate and comply with the requirements of the Computer and Internet Monitoring Program (which may include partial or full restriction of computer(s), internet/intranet, and/or internet-capable devices) . . . .  The defendant shall submit to periodic or random unannounced searches of his computer(s), storage media, and/or other electronic or internet-capable device(s) performed by the probation officer.  This may include the retrieval and copying of any prohibited data.  Or, if warranted, the removal of such system(s) for the purpose of conducting a more comprehensive search.

Id. (ECF No. 174, at 3).

The declaration of a probation officer, which the government filed as an exhibit to its motion to revoke bail, asserts that the search of Mr. Violette's devices showed that he

had accessed a "computer/internet capable device" after being instructed not to do so by the Probation Office, in violation of Condition 7(t). See id., Decl. Kate M. Phillips, Feb. 28, 2019 (ECF No. 179-1). The court in those revocation proceedings, following a hearing, granted the government's motion to revoke Mr. Violette's pre-hearing bail, finding that Mr. Violette had violated Condition 7(t). See id., Mar. 8, 2019 Order (ECF No. 200).

Discussion

I. Claims against Probation Officers

Construed liberally, the complaint and complaint addendum assert a claim for damages under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the two individual probation officers Mr. Violette named as defendants, alleging that the officers violated his Fourth Amendment rights. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

A warrantless search is per se unreasonable under the Fourth Amendment, unless an exception applies. United States v. Wurie, 728 F.3d 1, 3 (1st Cir. 2013). One such exception arises

3

in the circumstances of individuals on probation; the Supreme Court has held that a "warrantless search of [a probationer], supported by reasonable suspicion and authorized by a condition of probation," is "reasonable within the meaning of the Fourth Amendment." United States v. Knights, 534 U.S. 112, 122 (2001).

In determining whether a warrantless search of a person on conditional release is valid under the Fourth Amendment, the court examines the totality of the circumstances, including, "on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" Samson v. California, 547 U.S. 843, 848 (2006) (quoting Knights, 543 U.S. at 118); United States v. Weikert, 504 F.3d 1, 9 (1st Cir. 2007) ("totality of the circumstances analysis" is applied in "situation[s] involving even a suspicionless search of a conditional releasee"). In making that determination, the plaintiff's status as an individual subject to pertinent conditions of probation, parole, or other conditional release is "'salient.'" Samson, 547 U.S. at 848 (quoting Knights, 543 U.S. at 118).

Applying that law here, this court notes that, at the time of the warrantless search of his electronic devices, Mr. Violette had been on supervised release; he had been charged with violations of that supervised release; and he was subject to additional, specific terms of supervised pre-hearing release,

4

which he signed and accepted, while awaiting the disposition of the revocation charges. See Jan. 17, 2019 Order Setting Conds. of Release, United States v. Violette, No. 1:00-cr-00026-GZS (D. Me. Jan. 17, 2019) (ECF No. 174, at 4). Mr. Violette at all relevant times had a "substantially diminished expectation of privacy" by virtue of his status. United States v. Graham, 553 F.3d 6, 15 (1st Cir. 2009).

The government's interest in searching Mr. Violette's electronic devices during his period of pre-hearing release in January-March 2019 was heightened, as individuals on supervised release in general have a greater "'incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because [they are] aware that they may be subject to supervision and face revocation of probation, and possible incarceration.'" Id. at 16 (quoting Knights, 534 U.S. at 120). Furthermore, Mr. Violette's criminal history had involved financial fraud, and the government's offer of proof at his final revocation hearing showed that the underlying revocation charges involved Mr. Violette's use of a computer or other device to market unauthorized financial services on the Internet. See generally Apr. 16, 2019 Final Revocation Hr'g Tr., United States v. Violette, No. 1:00-cr-00026-GZS-1 (ECF No. 220, at 8-10). Finally, Condition 7(t) of Mr. Violette's supervised pre-hearing release specifically required him to submit to periodic or random searches of his

5

internet-capable devices; that condition -- which Mr. Violette accepted as a term of his pre-hearing release -- had the practical effect of extinguishing his expectation of privacy with respect to warrantless baseline or random searches of his devices during the period of his pre-hearing release.  See United States v. Gates, 709 F.3d 58, 64 (1st Cir. 2013) (warrantless search was valid where person was subject to bail conditions that authorized such searches at any time, even in absence of articulable suspicion); cf. Samson, 547 U.S. at 847 (acknowledging that "a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment").  The search at issue was undertaken pursuant to that condition of his supervised release.  Upon an examination of the totality of the circumstances, the court finds that the warrantless search at issue was reasonable and consistent with the requirements of the Fourth Amendment.  Accordingly, the district judge should dismiss the Fourth Amendment Bivens claims.

II.  Claims against U.S. Probation and Pretrial Services

Bivens does not provide a cause of action for damages against a federal agency, see FDIC v. Meyer, 510 U.S. 471, 486 (1994).  That rule provides an additional ground for dismissing the Fourth Amendment claims asserted against the agency defendant, U.S. Probation and Pretrial Services.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint and its addendum (Doc. Nos. 1, 19) for failure to state any actionable claim, and the clerk should enter judgment and close this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 6, 2020

cc:  Gregory Paul Violette, pro se