# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

Gregory Paul Violette

    v.                              Case No. 2:19-cv-417-JAD

Bryce Turgeon, Kate Phillips, and
United States Probation and Pretrial
Services

## REPORT AND RECOMMENDATION

Before the court is plaintiff Gregory Paul Violette's motion to amend the complaint (Doc. No. 24). That filing asserts:

1. Defendants took steps to have the district judge in United States v. Violette, No. 1:00-r-00026-GZS (D. Me.), sentence Mr. Violette for violating the conditions of his supervised release, although, Mr. Violette argues, a "jury should [have] sentenced me"[1]; and

2. Mr. Violette's damages have included lost retirement income, loss of access to his family, and the deterioration of his mental health, for which he asserts he needs more medication that he has not received yet.

Mr. Violette's motion to amend may be denied on grounds of

---

[1]The court in Mr. Violette's federal prosecution imposed a 27-month sentence of imprisonment after Mr. Violette admitted to the revocation charges. See April 16, 2019 Minute Entry & Revocation Jt., Violette, No. 1:00-r-00026-GZS (D. Me. Apr. 16, 2019) (ECF Nos. 206, 208).

futility. See Parker v. Landry, 935 F.3d 9, 13 (1st Cir. 2019); see also 28 U.S.C. § 1915(e)(2). The assertions in Mr. Violette's motion to amend do not state any claim upon which relief can be granted in this case.

Mr. Violette has failed to state any actionable claim that the defendants in this case are liable for the district judge's imposition of his revocation judgment and sentence. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (courts must dismiss claims under 42 U.S.C. § 1983 if judgment in plaintiff's favor would necessarily imply invalidity of conviction or sentence that has not been invalidated); Harris v. Fulwood, 611 F. App'x 1, 2 (D.C. Cir. 2015) (Heck barred Bivens claims seeking damages for revocation of parole, where parole revocation had not been invalidated in any prior proceeding).

As to Mr. Violette's need for medication, such a claim is not sufficiently related to the issues in this case to be joined and allowed to proceed here. See generally Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) ("a plaintiff may put in one complaint every claim of any kind against a single defendant, . . . but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences'" (citations omitted)). And any issue regarding the damages Mr.

Violette attributes to his imprisonment is pertinent only if Mr. Violette were to state a claim upon which relief can be granted in this action, which has not yet occurred in this case.

Accordingly, the district judge should deny the motion to amend (Doc. No. 24). Objections to this Report and Recommendation must ordinarily be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). That fourteen-day deadline has been extended for an additional thirty days by General Order 2020-2, issued by Chief Judge Jon D. Levy on March 18, 2020. Failure to file objections within the specified time (by May 18, 2020), waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2020

cc: Gregory Paul Violette, pro se